**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENESIS MATOS-RAMIREZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-2976** |
| | : | |
| **NORTHAMPTON COUNTY JAIL** | : | |
| **MEDICAL EXPERT,** | : | |
| *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                              **August 23, 2021**

This matter comes before the Court by way of a Complaint (Doc. No. 1)[1] brought by

Plaintiff Genesis Matos-Ramirez, proceeding *pro se*.  Also before the Court are Matos-Ramirez's

Motion to Proceed *In Forma Pauperis* (Doc. No. 12) and her Prisoner Trust Fund Account

Statement (Doc. No. 11).  Because it appears that Matos-Ramirez is unable to afford to pay the

filing fee, the Court will grant her leave to proceed *in forma pauperis*.  For the following reasons,

the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**[2]

Matos-Ramirez, a prisoner currently incarcerated at State Correctional Institution –

Cambridge Springs, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Matos-Ramirez

alleges violations of her Eighth and Fourteenth Amendment rights related to the medical

---

[1]  Matos-Ramirez initiated this action by filing her Complaint in the United States District Court for the Middle District of Pennsylvania.  By Order dated July 1, 2021 (Doc. No. 8), the matter was transferred to this District for consideration.

[2]  The factual allegations set forth in this Memorandum are taken from Matos-Ramirez's Complaint (Doc. No. 1) and the documents and exhibits attached thereto.

treatment she received while incarcerated at Northampton County Jail.  (Doc. No. 1 at 4–5.)[3]

She also seeks to assert a claim for "negligence/medical malpractice" related to her treatment.

(*Id.*)  Matos-Ramirez names the following Defendants in this matter: (1) an unidentified

"medical expert" at Northampton County Jail;[4] (2) an unidentified "Medical Official, Medical

Practitioner" at St. Luke's Hospital in Easton, Pennsylvania; and (3) an unidentified "Medical

official" at St. Luke's Hospital in Bethlehem, Pennsylvania.  (*Id.* at 2–3.)

       The events giving rise to Matos-Ramirez's claims occurred on September 3, 2015 at

Northampton County Jail.  (*Id.* at 4.)  Matos-Ramirez was "in substantial pain due to an ovarian

cyst" at approximately 3:30 a.m.  (*Id.*)  She informed "Northampton jail officials" about the pain

and the fact that it was caused by an ovarian cyst, but the "only medical attention" she received

was a urine test and ibuprofen.  (*Id.*)  Matos-Ramirez's pain level was so substantial that she was

"throwing-up everything" and could not "keep anything down" —even water —which made her

unable to take ibuprofen.  (*Id.* at 7.)  Matos-Ramirez asserts that she was "sweating, shaking,

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4]  The caption on the form Complaint that Matos-Ramirez submitted to the Court names "Northampton County Jail" on the blank line for "Name of Defendant 1[.]"  (*Id.* at 1.)  On page two of the form Complaint, the "Name (Last, First)" blank for "Defendant 1" lists "Northampton County Jail (official capacity)[,]" while the "Current Job Title" blank identifies this Defendant as the "Medical expert[.]"  Construed liberally, it appears that Matos-Ramirez seeks to sue an unidentified individual employed at Northampton County Jail as a medical expert, and does not seek to name Northampton County Jail itself as a Defendant.

However, to the extent she seeks to name Northampton County Jail as a Defendant, her claims must be dismissed with prejudice because Northampton County Jail is not considered a "person" for purposes of § 1983.  *See Edwards v. Northampton Cty* ., 663 F. App'x 132, 136 (3d Cir. 2016) (explaining that the district court "appropriately disposed of" prisoner's conditions of confinement claims against Northampton County Prison because a prison is not a "person" subject to suit under § 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) ("Westmoreland County Prison is not a person capable of being sued within the meaning of § 1983." ); *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018).  Accordingly, any claim alleged against Northampton County Jail itself will be dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

throwing up and [was] unable to move [her] right leg." (*Id.*)  By lunch time, she was unable to walk without her cellmate's assistance, and ultimately her pain was so intense that she ended up on the floor of her cell "crying in pain, screaming." (*Id.*)  It appears that a correctional officer called for the nurse three separate times that day, but the nurse still had not arrived by dinner time. (*Id.* at 7–8.)

Around 5:30 or 6:00 p.m., Matos-Ramirez was finally seen by a nurse, and then a second nurse saw her shortly thereafter. (*Id.* at 8.)  The second nurse came to her cell and provided her with medication, and subsequently came back with a cup for a urine test. (*Id.*)  Matos-Ramirez had previously taken multiple urine tests related to her pain since sometime in August. (*Id.*)  Frustrated, she threw the cup on the floor and told the nurse that she needed an ultrasound because her pain was caused by a cyst and not by a bladder infection. (*Id.*)  Matos-Ramirez was called to the nurse's office shortly thereafter to get a shot for the pain. (*Id.* at 9.)  However, as of 9:30 p.m., her pain was on-going. (*Id.*)  Due to the size of the cyst felt by a nurse, prison officials took her "to the emergency room [at] the hospital." (*Id.*)  While at the hospital, Matos-Ramirez received an ultrasound and was then transferred to a second hospital because there was no OB/GYN available to treat her at the first hospital. (*Id.*)

After a second ultrasound was performed, Matos-Ramirez was told that: (1) she had two cysts—one was 9 cm and the other was 6 cm; (2) one of the cysts "twisted on [her] ovary 3 times and . . . [her] vein muscle too," which resulted in her inability to walk on her right side; (3) her ovary "was blue," which meant it "was infected" and that if it were to rupture, she could die; and (4) the infected ovary was the reason all the urine tests at Northampton County Jail came back indicating a bladder infection. (*Id.*)  Matos-Ramirez then underwent an emergency surgery to remove her right ovary in its entirety and to remove a small piece of her left ovary. (*Id.* at 9–10.)

Based on these allegations, Matos Ramirez seeks $200,000 in compensatory damages and $200,000 in punitive damages.

## II.    STANDARD OF REVIEW

The Court will grant Matos-Ramirez leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations and generalized statements do not suffice to state a claim.  *See id.*  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").  As Matos-Ramirez is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[5] However, because Matos-Ramirez is a prisoner, she is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

## III.    DISCUSSION

Matos-Ramirez seeks to bring claims for violations of her civil rights pursuant to 42

U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal

court.  Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).

Whether a defendant is acting under color of state law—i.e., whether the defendant is a

state actor—depends on whether there is "such a close nexus between the State and the

challenged action that seemingly private behavior may be fairly treated as that of the State

itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (cleaned up).  "To answer that

question, [the Third Circuit has] outlined three broad tests generated by Supreme Court

jurisprudence to determine whether state action exists:  (1) whether the private entity has

exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the

private party has acted with the help of or in concert with state officials; and (3) whether the state

has so far insinuated itself into a position of interdependence with the acting party that it must be

recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646

(3d Cir. 2009) (cleaned up).  "A defendant in a civil rights action must [also] have personal

involvement in the alleged wrongs."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Matos-Ramirez seeks to bring Eighth Amendment claims for deliberate indifference to her medical needs. "To demonstrate deliberate indifference to medical needs, a plaintiff must show (i) a serious medical need, (ii) acts or omissions by law enforcement officials that indicate deliberate indifference to that need, and (iii) a causal connection between the indifference and the plaintiff's injury." *Smith v. Gransden*, 553 F. App'x 173, 177 (3d Cir. 2014) (cleaned up); *see also Parkell v. Morgan*, 682 F. App'x 155, 159–60 (3d Cir. 2017) (per curiam) ("pretrial detainees' claims of deliberate indifference to serious medical needs under Due Process clause of the the Fourteenth Amendment are analyzed under the standard for similar claims under the Eighth Amendment" (citation omitted)).

### A.    Claims Against Medical Personnel at St. Luke's Hospital

The Court understands Matos-Ramirez's Complaint to allege that the medical personnel who treated her at St. Luke's facilities in Easton, Pennsylvania and Bethlehem, Pennsylvania were deliberately indifferent to her serious medical needs in violation of her constitutional rights. "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. La*tshaw, 164 F.3d 141, 146 (3d Cir. 1998)). St. Luke's is a private hospital, and nothing alleged in Matos-Ramirez's Complaint, including the conduct of the privately employed medical personnel who work there, can be plausibly viewed as state action sufficient to support liability under § 1983. *See Munchak v. Ruckno*, 692 F. App'x 100, 101–02 (3d Cir. 2017) ("Munchak makes no allegation that would even arguably support a claim that these private defendants acted under color of state law in any actions they took regarding her medical care."); *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) (holding that St. Luke's

6

Hospital "is not a state actor for purposes of section 1983 under any of the possible tests used to determine whether one's conduct is attributable to the state"); *Sanabria v. St. Lukes Hospital (Sacred Heart Campus)*, Civil Action No. 20-4091, 2020 WL 7495665, at *4 (E.D. Pa. Dec. 21, 2020) ("St. Lukes is a private hospital, and nothing alleged in the Second Amended Complaint can be plausibly viewed as state action.").  Accordingly, Matos-Ramirez's § 1983 claims against the medical officials at St. Luke's Hospital in Easton and Bethlehem fail to state a plausible claim for relief and will be dismissed pursuant to § 1915(e)(2)(B)(ii).

### B.    Matos-Ramirez's Claims are Time-Barred

Matos-Ramirez's Eighth Amendment deliberate indifference claim is based on allegations about events that occurred on September 3, 2015.  On that day, she was in substantial pain caused by an allegedly untreated, infected ovarian cyst, which ultimately led to emergency surgery to remove her entire right ovary and part of her left ovary either that same day or the next day.  Matos-Ramirez's civil rights claims are governed by Pennsylvania's two-year statute of limitations for personal injury actions, *see* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose.  This is so for the length of the statute of limitations:  It is that which the State provides for personal-injury torts."); *Wisniewski*, 857 F.3d at 157 ("The statute of limitations applicable to § 1983 claims in Pennsylvania is two years."), and her medical malpractice claims are governed by the same statute of limitations.  None of these claims are plausible because they are time-barred.

A cause of action brought pursuant to § 1983 "accrues when the plaintiff knew or should have known of the injury upon which his action is based." *Wisniewski*, 857 F.3d at 158 (cleaned up).  A claim alleging deliberate indifference to serious medical needs accrues when the plaintiff

knows or has reason to know that deliberate indifference is displayed. *Smith v. Municipality of Lycoming Cty.*, 335 F. App'x 147, 149 (3d Cir. 2009) (*per curiam*) (prisoner alleging deliberate indifference to medical needs "knew, or had reason to know, of his alleged mistreatment when it occurred"); *Green v. Philadelphia Cty. Prisons*, Civ. A. No. 00-5330, 2006 WL 2869527, at *6 (E.D. Pa. Oct. 4, 2006) ("With the plaintiff's § 1983 Eight Amendment cause of action, the injuries accrued on the date(s) that [the defendants] displayed the deliberate indifference to Mr. Green's medical needs. It was on those days that Mr. Green should have known he was injured under the Eighth Amendment").

Under the most liberal construction of the Complaint, all of Matos-Ramirez's claims accrued on or about September 3, 2015 or shortly thereafter—when Matos-Ramirez became aware of her medical condition and the need for emergency surgery. Accordingly, Matos-Ramirez was obligated to file any claims based on the medical treatment (or lack thereof) that she received by September 2017. However, Matos-Ramirez did not even sign her Complaint until May 29, 2021—more than five and a half years after the incident itself took place and well over three and a half years after the statute of limitations expired.[6] (*See* Doc. No. 1). As a result, Matos-Ramirez's claims are untimely and must be dismissed.[7] Leave to amend will not be

---

[6] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). It is not clear when Matos-Ramirez submitted her complaint to prison authorities for mailing, but it is dated May 29, 2021 and was received by the Court on June 10, 2021. (*See* Doc. No. 1 at 1, 6.) Even using the earliest date that she signed the Complaint—May 29, 2021—these claims are clearly time-barred.

[7] There is no plausible suggestion that equitable tolling applies here, especially in light of Matos-Ramirez's awareness of her condition and the events giving rise to her need for emergency surgery at the time these events occurred in 2015. Equitable tolling may be proper in a civil rights claim under § 1983 in the following circumstances: "(1) where a defendant actively misleads a plaintiff with respect to [his] cause of action; (2) where the plaintiff has been prevented from asserting [his] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n. 9 (3d Cir. 2000). None of these circumstances appear to be applicable from the face of the complaint.

granted as any attempts to amend would be futile.[8]  *See Grayson v. Mayview State Hosp.*, 293

F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under

the PLRA with leave to amend "unless amendment would be inequitable or futile.").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Matos-Ramirez leave to proceed *in forma*

*pauperis* and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order follows.

---

[8]  To the extent Matos-Ramirez seeks to bring any medical malpractice claims sounding in negligence against Defendants, those claims are also time-barred.  Pennsylvania's two-year statute of limitations applies to Matos-Ramirez's medical malpractice claims.  *See* 42 Pa. Cons. Stat. § 5524(2).  In accordance with the discovery rule, the limitations period "does not begin to run until the injured party discovers or reasonably should discover that [she] has been injured and that [her] injury has been caused by another party's conduct."  *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005).  Here, the Complaint makes clear that Matos-Ramirez was aware of her injuries, and the role any medical providers who treated her at St. Luke's Hospital had, in September of 2015; thus, her claims are time-barred.